IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00484-CMA-KLM

LORI CALLIES, and
KEVIN CALLIES,

    Plaintiffs,

v.

LISA LANE, in her individual and official capacities,
SALLY CHAPMAN, in her individual and official capacities,
ERIN JEMISON, in her official capacity as the SOMB Board Chair,
MARY BAYDARIAN, in her official capacity as SOMB Board Member,
CARL BLAKE, in his official capacity as SOMB Board Member,
ALLISON BOYD, in her official capacity as SOMB Board Member,
A MERVYN DAVIES, in his official capacity as SOMB Board Member,
CHERYL DAVIES, in her official capacity as SOMB Board Member,
JESSICA CURTIS, in her official capacity as SOMB Board Member,
AMY FITCH, in her official capacity as SOMB Board Member,
JEFF GEIST, in his official capacity as SOMB Board Member,
MISSY GURSKY, in her official capacity as SOMB Board Member,
PEGGY HEIL, in her official capacity as SOMB Board Member,
WILLIAM HILDEBRAND, in his official capacity as SOMB Board Member,
NANCY JOHNSON, in her official capacity as SOMB Board Member,
JEFF JENKS, in his official capacity as SOMB Board Member,
MARCELO KOPCOW, in his official capacity as SOMB Board Member,
DIANNA LWYER-BROOK, in her official capacity as SOMB Board Member,
TOM LEVERSEE, in his official capacity as SOMB Board Member,
RICHARD BEDNARSKI, in his official capacity as SOMB Board Member,
JOHN ODENHEIMER, in his official capacity as SOMB Board Member,
JESSICA MEZA, in her official capacity as SOMB Board Member,
ANGEL WEANT, in her official capacity as SOMB Board Member,
MIMI SCHEUERMANN, in her official capacity as SOMB Board Member, and
DOUG STEPHENS, in his official capacity as SOMB Board Member,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Strike Exhibits to Sally Chapman's Motion to Dismiss** [Docket No. 32; Filed June 24, 2013] (the "Motion"). Plaintiffs bring the Motion pursuant to Fed. R. Civ. P. 12(f). *Motion* [#32] at 1. They seek to strike the exhibit [#26-1] attached to Defendant Sally Chapman's Motion to Dismiss [#26].

As an initial matter, the Court notes that Rule 12(f) only permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pleadings, as defined by Rule 7(a), are different from "motions and other papers." Pleadings only include a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a counterclaim, a third-party complaint, an answer to a third-party complaint, and, if court-ordered, a reply to an answer. Fed. R. Civ. P. 7(a). "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda." *Searcy v. Soc. Sec. Admin.*, No. 91-4181, 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992). *See also* 2 James Wm. Moore et. al., Moore's Federal Practice § 12.37[2] (3d ed. 2004) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

The exhibit to which Plaintiff's Motion is directed is not a "pleading" as defined by Rule 7(a) of the Federal Rules of Civil Procedure. The Court finds that Plaintiffs may therefore not attack the exhibit provided by Defendant Sally Chapman through a motion to strike pursuant to Rule 12(f). *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 230 F.R.D. 657, 660 (D.N.M. 2005). Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#32] is **DENIED**.

Dated: July 1, 2013