IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00484-CMA-KLM

LORI CALLIES, and
KEVIN CALLIES,

     Plaintiffs,

v.

LISA LANE, in her individual and official capacities,
SALLY CHAPMAN, in her individual and official capacities,
ERIN JEMISON, in her official capacity as the SOMB Board Chair,
MARY BAYDARIAN, in her official capacity as SOMB Board Member,
CARL BLAKE, in his official capacity as SOMB Board Member,
ALLISON BOYD, in her official capacity as SOMB Board Member,
A MERVYN DAVIES, in his official capacity as SOMB Board Member,
CHERYL DAVIES, in her official capacity as SOMB Board Member,
JESSICA CURTIS, in her official capacity as SOMB Board Member,
AMY FITCH, in her official capacity as SOMB Board Member,
JEFF GEIST, in his official capacity as SOMB Board Member,
MISSY GURSKY, in her official capacity as SOMB Board Member,
PEGGY HEIL, in her official capacity as SOMB Board Member,
WILLIAM HILDEBRAND, in his official capacity as SOMB Board Member,
NANCY JOHNSON, in her official capacity as SOMB Board Member,
JEFF JENKS, in his official capacity as SOMB Board Member,
MARCELO KOPCOW, in his official capacity as SOMB Board Member,
DIANNA LWYER-BROOK, in her official capacity as SOMB Board Member,
TOM LEVERSEE, in his official capacity as SOMB Board Member,
RICHARD BEDNARSKI, in his official capacity as SOMB Board Member,
JOHN ODENHEIMER, in his official capacity as SOMB Board Member,
JESSICA MEZA, in her official capacity as SOMB Board Member,
ANGEL WEANT, in her official capacity as SOMB Board Member,
MIMI SCHEUERMANN, in her official capacity as SOMB Board Member, and
DOUG STEPHENS, in his official capacity as SOMB Board Member,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **State Defendants' Motion to Dismiss Plaintiffs' Amended Complaint on the Basis of State Court Ruling** [#44]; on the State Defendants' **Motion to Stay** [#45]; and on **Defendant Chapman's Motion to Dismiss Plaintiffs' Amended Complaint Based Upon State Court Ruling** [#51].

Regarding the Motions to Dismiss [#44, #51], due to a recent state court ruling, Defendants assert in the Reply [#63] to the Motion to Dismiss [#44] that there are now issues regarding the Court's subject matter jurisdiction over the case.  Because these arguments are newly-raised in the Reply, the Court *sua sponte* permits Plaintiffs to file a surreply in order to address those arguments.

Regarding the Motion to Stay [#45], Defendants ask the Court to stay discovery in this case until after the pending Motions to Dismiss have been ruled on.  Defendants cite to *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955 (D. Colo. Mar. 30, 2006) in support of their position.  *Motion to Stay* [#45] at 3-4. Defendants argue that the five factors articulated in *String Cheese Incident* weigh in favor of imposing a stay.  Plaintiffs oppose the request for a stay.  *Response* [#62].

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)). *See also Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Vivid Techs., Inc. v. Am. Sci. &*

*Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC*, 2006 WL 894955 at *2 (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with discovery and the potential prejudice to the plaintiffs of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.  *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, Plaintiffs do not provide any reason as to why a stay of discovery would prejudice them.  *See Response* [#62] at 13-14.   Accordingly, the Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an *undue* burden. However, Defendants are correct that proceeding will be wasteful if the Motions to Dismiss

are granted.  Further, should any discovery disputes arise, the Court will have to expend its time and limited resources.  If the Motions to Dismiss are resolved in favor of Defendants, the Court's expenditure would be for naught.  The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed.  *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motions are] granted, there will be no need for [further proceedings].").

With regard to the fourth factor, the parties do not direct the Court's attention to any nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court clearly serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motions to Dismiss [#44, #51] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#45] is **GRANTED**.

IT IS FURTHER **ORDERED** that all discovery is **STAYED** pending resolution of the Motions to Dismiss [#44, #51].

IT IS FURTHER **ORDERED** that Plaintiffs shall file a surreply to Defendants' Reply

-4-

[#63] **on or before November 12, 2013**.

DATED: October 25, 2013 at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge