IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00484-CMA-KLM

LORI CALLIES, and
KEVIN CALLIES,

    Plaintiffs,

v.

LISA LANE, in her individual and official capacities,
SALLY CHAPMAN, in her individual and official capacities,
ERIN JEMISON, in her official capacity as the SOMB Board Chair,
MARY BAYDARIAN, in her official capacity as SOMB Board Member,
CARL BLAKE, in his official capacity as SOMB Board Member,
ALLISON BOYD, in her official capacity as SOMB Board Member,
A MERVYN DAVIES, in his official capacity as SOMB Board Member,
CHERYL DAVIES, in her official capacity as SOMB Board Member,
JESSICA CURTIS, in her official capacity as SOMB Board Member,
AMY FITCH, in her official capacity as SOMB Board Member,
JEFF GEIST, in his official capacity as SOMB Board Member,
MISSY GURSKY, in her official capacity as SOMB Board Member,
PEGGY HEIL, in her official capacity as SOMB Board Member,
WILLIAM HILDEBRAND, in his official capacity as SOMB Board Member,
NANCY JOHNSON, in her official capacity as SOMB Board Member,
JEFF JENKS, in his official capacity as SOMB Board Member,
MARCELO KOPCOW, in his official capacity as SOMB Board Member,
DIANNA LWYER-BROOK, in her official capacity as SOMB Board Member,
TOM LEVERSEE, in his official capacity as SOMB Board Member,
RICHARD BEDNARSKI, in his official capacity as SOMB Board Member,
JOHN ODENHEIMER, in his official capacity as SOMB Board Member,
JESSICA MEZA, in her official capacity as SOMB Board Member,
ANGEL WEANT, in her official capacity as SOMB Board Member,
MIMI SCHEUERMANN, in her official capacity as SOMB Board Member, and
DOUG STEPHENS, in his official capacity as SOMB Board Member,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the State Defendants' **Motion to Dismiss Plaintiffs' Amended Complaint on the Basis of State Court Ruling** [#44] and on Defendant Sally Chapman's ("Chapman") **Motion to Dismiss Plaintiffs' Amended Complaint Based Upon State Court Ruling** [#51]. Plaintiffs filed a combined Response [#62] in opposition to the Motions on October 17, 2013. On October 24, 2013, the State Defendants filed a Reply [#63], and on November 4, 2013, Defendant Chapman filed a Reply [#66]. Based on new developments in the proceedings of a related state court case, the Replies raised new arguments, to which the Court ordered Plaintiff to file a Surreply. *Order* [#65] at 4-5. Plaintiffs have not filed a Surreply in compliance with the Order.

The Motions have been referred to this Court for recommendation [#49, #55] pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3. The Court has reviewed the Motions, the Response, the Replies, the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that the State Defendants' Motion [#44] be **GRANTED in part and DENIED without prejudice in part** and that Defendant Chapman's Motion [#51] be **DENIED without prejudice**.

## I. Summary of the Case

Plaintiffs Lori Callies ("Mrs. Callies") and Kevin Callies ("Mr. Callies") are husband and wife. In short, Plaintiffs seek to change the terms and conditions of Mr. Callies' probation imposed under Colorado state law. *Id.* ¶¶ 22-37. They bring this lawsuit against Defendants Lisa Lane ("Lane") and Chapman for nominal damages for alleged past violations of Plaintiffs' First and Fourteenth Amendment rights. They also bring this lawsuit

against Defendant Lane and the twenty-three Colorado Sex Offender Management Board ("SOMB") members for prospective injunctive and declaratory relief for asserted ongoing violations of their First and Fourteenth Amendment rights. Defendant Lisa Lane ("Lane") is Mr. Callies' probation officer at the Fremont County Probation Department. *Id.* ¶ 3. Defendant Chapman is the founder and owner of Canon City Counseling, Inc. *Id.* ¶ 5. The remaining twenty-three SOMB Defendants are all sued only in their official capacities. *Id.* ¶ 6.

According to the Amended Complaint, on June 24, 2010, Mr. Callies was convicted of unlawful sexual contact, a first class misdemeanor under Colorado law. *Am. Compl.* [#19] ¶ 9. Mr. Callies was sentenced to three years' probation, with the condition that he attend sex offender treatment. *Id.* Mr. Callies was directed by Defendant Lane to enter into a contract with Defendant Chapman for sex offender treatment as a term and condition of his probation. *Id.* ¶ 5. Plaintiffs aver that other terms of his probation included prohibitions on contacting his grandchildren or having pictures of his grandchildren in his home. *Id.* ¶¶ 12-13.

On December 12, 2012, before the present lawsuit was filed, Mr. Callies filed a Motion to Modify Terms and Conditions of Probation in his criminal case. *State Defs.' Ex. 1* [#44-1].[1] In that motion, Mr. Callies argued in part that his First Amendment rights were

---

[1] When considering a motion to dismiss, the Court must usually disregard facts supported by documents other than the complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). The Court may consider documents outside of the complaint on a motion to dismiss in three instances, however. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the

violated by the terms and conditions of his probation. *Id.* ¶¶ 6-9. After holding two evidentiary hearings, the state court issued its Findings & Order on August 23, 2013. *State Defs. Ex. 2* [#44-1]. The state court found that Mr. Callies could possess photographs of his grandchildren and could discuss his grandchildren with his adult children/stepchildren, not on the basis that those restrictions were unconstitutional but, rather, on the basis that the word "contact" in the terms of his probation did not preclude these activities. *Id.* at 5-6. The state court further found that the "no contact" provision with Mr. Callies' grandchildren was constitutional, in part because Mr. Callies could have contact with minor children after he showed progress in his sex offender treatment. *Id.* at 7. On September 21, 2013, after the instant Motions [#44, #51] were filed, Mr. Callies filed an appeal of the state court's ruling with the Colorado Court of Appeals. *Pls.' Ex. A* [#62-1].

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see* Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir.1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing

---

plaintiff's claims and to which the plaintiff refers in his complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court has examined the documents submitted by the parties and has determined that each of the documents cited herein may appropriately be considered by the Court in making its Recommendation on the pending Motions.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

Finally, the Court must construe the filings of *pro se* litigants liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be *pro se* litigants' advocate, nor should the Court "supply additional factual allegations to round out [*pro se* litigants'] complaint or construct a legal theory on their behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). Despite this relaxed pleading standard, *pro se* plaintiffs retains "the burden of alleging sufficient facts on which a recognizable legal claim could be based." *Hall*, 935 F.2d at 1110. In addition, *pro se* litigants must follow the same

procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

**A.     The *Younger* Doctrine**

Defendants contend that the *Younger* abstention doctrine requires the Court to decline to exercise jurisdiction over the remainder of Plaintiffs' claims because adjudication of the claims would interfere with an ongoing action in Colorado state court. *See Replies* [#63] at 4-6, [#66] at 4-5. "Under the *Younger* abstention doctrine, federal courts should not 'interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—'when a state forum provides an adequate avenue for relief.'" *Weitzel v. Div. of Occupational & Prof'l Licensing of the Dep't of Commerce of the State of Utah*, 240 F.3d 871, 875 (10th Cir. 2001) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)). "*Younger* abstention is non-discretionary; the district court must abstain once the conditions are met, absent extraordinary circumstances." *Id.* (internal quotations omitted). The Court of Appeals for the Tenth Circuit has stated the conditions for abstention as follows:

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

*Amanatullah v. State Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997)).

In this case, the Court agrees with Defendants and finds that abstention from the exercise of jurisdiction is necessary. First, there is an ongoing state criminal proceeding, i.e., an appeal filed with the Colorado Court of Appeals on September 21, 2013. *Pls.' Ex. A* [#62-1]. There is no indication in the record here that this appeal has been resolved.

Second, Mr. Callies' appeal of the state court's rulings regarding the constitutionality of the terms and conditions of his probation raises essentially the same issues set forth in the Complaint [#1] filed in this action. In short, Plaintiffs are unhappy with the state court proceedings and ask this Court to overrule them and to find that Defendants have proceeded unconstitutionally against Plaintiffs by forcing Mr. Callies to comply with certain terms and conditions of his probation. There is no indication that the Colorado Court of Appeals will not resolve the issues raised by Plaintiffs. Accordingly, the Court finds that the action in the Colorado Court of Appeals affords Plaintiffs an adequate opportunity to assert their claims. *See generally Allen v. McCurry*, 449 U.S. 90, 105 (1980) (citing *Stone v. Powell*, 428 U.S. 465, 493-94 n.35 (1976), for its "emphatic reaffirmation . . . of the constitutional obligation of the state courts to uphold federal law, and its expression of confidence in their ability to do so").

Finally, the Court finds that the ongoing state proceeding involves important state interests, i.e., the administration of Colorado's criminal justice system. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (recognizing "that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief").

In short, Plaintiffs are not pleased with the state court rulings and attempt to circumvent the state court judicial system by filing a lawsuit in this Court. This is precisely

the type of situation that the *Younger* doctrine is intended to prevent.  The Court finds that any federal judgment regarding Plaintiffs' claims would interfere with an ongoing state proceeding.  *D.L. v. Unified Sch. Dist. No. 497*, 392 F .3d 1223, 1228 (10th Cir. 2004). Until the state court action is concluded, the *Younger* abstention doctrine applies.

*Younger* abstention "extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding," along with requests for declaratory and injunctive relief.  *Buck v. Meyers*, 244 F. App'x 193, 197-98 (10th Cir. 2007).  A finding by the Court that Defendants violated Plaintiffs' constitutional rights "would have a preclusive effect in the state-court proceedings."  *Id.*  Thus, the *Younger* doctrine applies to all of Plaintiffs' requests for relief.  However, "[w]here the plaintiffs in the federal suit seek damage relief and the *Younger* factors are met, the district court should *stay* federal proceedings on the damage claims, not dismiss the action altogether."  *Id.* (citing *D.L.*, 392 F .3d at 1228; *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)).  Thus, the Court finds that the *Younger* doctrine applies to all of Plaintiff's claims, that jurisdiction should be declined over Plaintiff's claims for declaratory and injunctive relief, and that the remainder of the case, solely consisting of claims for monetary damages, should be administratively closed, subject to reopening for good cause after resolution of the underlying state court proceedings.

Accordingly, the Court **recommends** that Plaintiffs' claims for declaratory and injunctive relief be **dismissed without prejudice** as to all Defendants.  *D.L.*, 392 F .3d at 1228 (stating that "*Younger* abstention is jurisdictional"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for

lack of jurisdiction, . . . the dismissal must be without prejudice." (citations omitted)). The Court further **recommends** that Plaintiffs' claims for nominal monetary damages against Defendants Lane and Chapman be retained and that this matter be **administratively closed**, subject to reopening for good cause after resolution of the underlying state court proceedings.

**B.     Subject Matter Jurisdiction**

While the Court may not examine Defendants' remaining arguments regarding the substantive merits of Plaintiffs' claims, the Court may examine any other jurisdictional arguments as they relate to those claims. *Buck*, 244 F. App'x at 198 (stating that "the district court did not need to 'abstain' from dismissing a particular claim or defendant where it could do so without reaching the merits") (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)).

In addressing subject matter jurisdiction, the Court considers mootness, which can be raised at any stage of the proceedings. *Kennedy v. Lubar*, 273 F.3d 1293, 1301-02 (10th Cir. 2001). This Court has no jurisdiction to consider moot cases, that is, cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted). Here, Plaintiffs concede that two of their claims are now moot based on state court rulings in their favor: (1) violation of Mr. Callies' First Amendment right to talk to his wife and children about his grandchildren, and (2) violation of both Plaintiffs' First Amendment rights to display pictures of their grandchildren in their home. *Response* [#62] at 4, 6. Both claims sought prospective injunctive and declaratory relief against Defendant

Lane. *Id.* at 4. In light of Plaintiffs' concession, the Court finds that it lacks subject matter jurisdiction over these two claims. Thus, the Court **recommends** that the State Defendants' Motion [#44] be granted to the extent that it seeks dismissal of these two claims against Defendant Lane, and that the claims be **dismissed without prejudice as moot** for lack of subject matter jurisdiction. *See Lewis v. Burger King*, 398 F. App'x 323, 325 n.3 (10th Cir. 2010) (dismissal due to mootness must be without prejudice).

### IV. Conclusion

Based on the foregoing, the Court respectfully **RECOMMENDS** that the State Defendants' Motion [#44] be **GRANTED in part and DENIED without prejudice in part**, as follows:[2]

(1) The Court **recommends** that the Motion [#44] be **granted** to the extent that Plaintiffs' prospective injunctive and declaratory causes of action [Claims 2(a), 2(b), 2(c), 2(d), and 3] be **dismissed without prejudice**.

(2) The Court **recommends** that the Motion [#44] be **denied without prejudice** to the extent that it requests dismissal of Plaintiffs' causes of action seeking monetary damages against Defendant Lane [Claims 1(a), 1(b), 1(c), and 1(d)].

(3) Because only Claim 3 for prospective injunctive and declaratory relief was brought against them, the Court **recommends** that the following Defendants be **dropped** from this lawsuit: Defendants Jemison, Baydarian, Blake, Boyd, A. M. Davies, C. Davies, Curtis, Fitch, Geist, Gursky, Heil, Hildebrand, Johnson, Jenks, Kopcow, Lawyer-Brock,

---

[2] Plaintiffs do not label their claims as Claims 1(a), 1(b), etc., in the Amended Complaint [#19], but in their Response they parse out their claims in this manner, which the Court here adopts for ease of reference. *See Response* [#62] at 3-4.

Leversee, Bednarski, Odenheimer, Meza, Weant, Scheuermann, and Stephens.

IT IS FURTHER **RECOMMENDED** that Defendant Chapman's Motion [#51] be **denied without prejudice** to the extent that it requests dismissal of Plaintiffs' causes of action seeking monetary damages against Defendant Chapman [Claims 1(a), 1(b), 1(c), and 1(d)].

IT IS FURTHER **RECOMMENDED** that the remainder of this matter, consisting of Plaintiffs' claims for nominal monetary damages against Defendants Lane and Chapman, be **administratively closed**, subject to reopening for good cause after resolution of the underlying state court proceedings.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 26, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge