IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-00484-CMA-KLM

LORI CALLIES, and
KEVIN CALLIES,

    Plaintiffs,

v.

LISA LANE, and,
SALLY CHAPMAN,

    Defendants.

---

**ORDER DENYING PLAINTIFFS' MOTION TO REOPEN**

---

This matter is before the Court on Plaintiffs Lori Callies and Kevin Callies' ("Mr. Callies") Motion to Reopen the Case Now That There Is No Longer a Pending State Court Criminal Case. (Doc. # 69.) For the following reasons, the Court denies the motion.

On December 18, 2013, this Court adopted and affirmed Magistrate Judge Mix's recommendation to administratively close Plaintiffs' First Amendment claim for nominal damages based on the *Younger*[1] abstention doctrine, subject to reopening for good cause after resolution of the underlying state court proceedings. (Doc. # 68.)

On June 24, 2010, a jury convicted Mr. Callies of unlawful sexual contact and a state court sentenced him to three years' probation. (Doc. # 70 at 1–2.) The terms of

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

Mr. Callies' probation prohibited him from having contact with his grandchildren and from displaying photographs of his grandchildren in his home. (Doc. # 70 at 1.) On December 12, 2012, Mr. Callies moved to modify his probation in Fremont County Court, claiming the terms of his probation violated his First Amendment right to communicate with his grandchildren. (Doc. # 70 at 2.)

Pending the outcome of the Fremont County motion, Plaintiffs filed their Complaint in this Court against Defendants, alleging the same First Amendment violations as those alleged in state court and seeking nominal damages and declaratory and injunctive relief. (Doc. # 1.) Meanwhile, Fremont County Court held a two-day evidentiary hearing and issued an order ("Order") finding that the terms of Mr. Callies' probation did not violate his First Amendment rights. (Doc. # 70 at 3.)

While the Order was on appeal to the Fremont County District Court ("District Court"), this Court administratively closed the federal civil case pending resolution of the state criminal proceedings. (Doc. # 68.)

In the state proceedings, Mr. Callies' treatment team terminated the challenged terms of probation while the Order was on appeal, leading the District Court to dismiss the appeal as moot without addressing the constitutionality of his probation. (Doc. # 70 at 4.) However, the District Court never vacated the Order. Mr. Callies subsequently appealed the District Court decision to the Colorado Supreme Court, but withdrew his Petition for Certiorari once he completed his probation because the petition was

undeniably moot. (Doc. # 69 at 5.) In the instant Motion, Plaintiffs asked this Court to reopen their civil case. (Doc. # 69.)

Plaintiffs concede that their claims for declaratory and injunctive relief are now moot, but ask this Court to reopen their First Amendment claim for nominal damages because there is no longer a pending state court proceeding. (Doc. # 69.) Defendants contend that Plaintiffs are precluded from relitigating the constitutionality of the terms of Mr. Callies' probation because Fremont County Court already decided that issue. (Doc. # 70 at 5–6.) The Court agrees.

This Court must "give preclusive effect to state–court judgments whenever the courts of the State from which the judgments emerged would do so . . . ." *Allen v. McCurry*, 449 U.S. 90, 96 (1980). In Colorado, a plaintiff may not relitigate an issue if:

> (1) The issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) The party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) There was a final judgment on the merits in the prior proceeding; (4) The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issues in the prior proceeding.

*Bebo Const. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 85 (Colo. 1999). Plaintiffs dispute only the third prong of collateral estoppel, arguing that the Order was not a "final judgment" because no court affirmed it on appeal. (Doc. # 69 at 4–5.) As such, the Court's analysis is limited to determining whether there was a final judgment.

For the purposes of issue preclusion, a judgment is final if it is "'sufficiently firm' in the sense that it was not tentative, the parties had an opportunity to be heard, and there was an opportunity for review." *Carpenter v. Young By & Through Young*, 773

P.2d 561, 568 (Colo. 1989).  A judgment is not considered final if it is still pending on appeal because the party against whom preclusion is asserted has not yet had an opportunity for review.  *Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo. 2005) (en banc).  Moreover, "a judgment is not final for purposes of issue preclusion until certiorari has been resolved both in the Colorado Supreme Court and the United States Supreme Court."  *Barnett v. Elite Properties of Am., Inc.*, 252 P.3d 14, 22 (Colo. App. 2010).

Colorado courts have not explicitly decided whether an appeal dismissed as moot gives a litigant an opportunity for review for the purposes of issue preclusion.  However, Colorado courts will entertain motions to vacate lower court judgments if an issue becomes moot on appeal, particularly if the movant alerts the court to the preclusive effect the judgment would have on another proceeding.  *See, e.g.*, *Davidson v. Committee for Gail Schoettler, Inc.*, 24 P.3d 621, 624 (Colo. 2001) (en banc) (vacating the judgment and recognizing the "concerns regarding other pending litigation in which the constitutionality of the prior statutes may be raised . . . collateral[ly] to our present case"); *Van Schaack Holdings, Ltd. v. Fulenwider*, 768 P.2d 740, 743 (Colo. App. 1988) (granting defendants' motion to vacate the trial court's judgment in order to avoid the "preclusive effect on upcoming litigation"), *aff'd*, 798 P.2d 424 (Colo. 1990).

In the present case, the Order is "sufficiently firm" in finding that the terms of probation were constitutional.  Mr. Callies had an opportunity for review when he appealed to the District Court.  The fact that the District Court dismissed the appeal as moot does not change the fact that the findings of the Order stood as the judgment in

his case. Further, certiorari was resolved in the Colorado Supreme Court for the purposes of issue preclusion when Mr. Callies' withdrew his Petition. Indeed, at the time he appealed the Order, Mr. Callies was aware not only of the stayed litigation in federal court, but also, of Defendants' intent to assert collateral estoppel. (Doc. ## 44, 51.) Nonetheless, Mr. Callies never moved for the District Court to vacate the findings in the Order so that he could relitigate the issue of constitutionality in this Court. Consequently, the findings of the Order stand as the final judgment for the purposes of collateral estoppel, and Plaintiffs are precluded from relitigating that issue here.

Accordingly, the Court DENIES Plaintiffs' Motion to Reopen the Case Now That There is No Longer a Pending State Court Criminal Case. (Doc. # 69.)

DATED: July 27, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge